IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **MARCIE BABLES**, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 3:17-CV-0910-L |
| | § | |
| **HILLCREST DAVIDSON & ASSOCIATES**, | § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM OPINION AND ORDER

Before the court is Plaintiff's Motion for Default Judgment, filed June 29, 2017 (Doc. 13). After careful consideration of the motion, brief, record, and applicable law, the court **grants** Plaintiff's Motion for Default Judgment.

### I. Factual Background

Marcie Bables ("Plaintiff" or "Bables") filed Plaintiff's Complaint ("Complaint") on March 31, 2017, against Hillcrest Davidson & Associates ("Defendant" or "Hillcrest") for alleged violations of the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 *et seq.* Bables alleges that within the year leading up to June 2016, Hillcrest repeatedly placed harassing telephone calls to her in attempts to collect an alleged consumer debt. Pl.'s Compl. 2. Bables alleges that "Defendant's harassing debt collection calls derive from numbers including . . . (866) 524-9866," which belongs to Defendant. Comp. ¶ 14. Plaintiff further alleges that Defendant contacted her at inconvenient times, such as after 8 pm and while she was at work and church. *Id.* ¶ 17. The Summons and Complaint were served on Hillcrest on April 17, 2017 (Doc. 8). The deadline for

**Memorandum Opinion and Order – Page 1**

Hillcrest to answer or otherwise respond was 21 days after service, which was May 8, 2017. *See* Fed. R. Civ. P. 12. Despite being served, Hillcrest, as of the date of this opinion and order, has not served an answer or otherwise responded to the Complaint. On May 23, 2017, Bables requested the clerk to enter a default against Hillcrest, and the clerk entered a default against Hillcrest on the same day.

## II.  Discussion

A party is entitled to entry of a default by the clerk of the court if the opposing party fails to plead or otherwise defend as required by law. Fed. R. Civ. P. 55(a). Under Rule 55(a), a default must be entered before the court may enter a default judgment. *Id.*; *New York Life Ins. Co. v. Brown*, 84 F.3d 137, 141 (5th Cir. 1996). The clerk of the court has entered a default against Hillcrest. The court also finds, based upon the information in the record, that Hillcrest is not a minor, incompetent person, or member of the United States military.

Hillcrest, by failing to answer or otherwise respond to Bables's Complaint, has admitted the well-pleaded allegations of the Complaint and is precluded from contesting the established facts on appeal. *Nishimatsu Constr. Co. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975) (citations omitted). Stated differently, "a defendant is not held to admit facts that are not well-pleaded or to admit conclusions of law." *Wooten v. McDonald Transit Assocs., Inc.*, 788 F.3d 490, 496 (5th Cir. 2015) (citation omitted). Accordingly, a defendant may not contest the "sufficiency of the evidence" on appeal but "is entitled to contest the sufficiency of the complaint and its allegations to support the judgment." *Id.* (citation omitted). Based on the well-pleaded allegations of Bables's Complaint, which the court accepts as true, and the record in this action, the court determines that Hillcrest is in default.

Bables seeks statutory damages of $1,000 pursuant to 15 U.S.C. § 1692k(2)(A), and the court finds this amount to be appropriate. She also seeks attorney's fees in the amount of $1,415 and costs of court in the amount of $479. The court finds that the costs are reasonable and will allow recovery of the amount sought. Bables provided an itemized list of the tasks performed by her attorneys and paralegals, and she included the number of hours expended by four of her attorneys and several paralegals and their hourly rate. Bables seeks compensation of $1415 for 6.1 hours of work performed by her attorneys and paralegals. This comes to a blended rate of $232 per hour. An award of attorney's fees should not result in "a second major litigation." *Hensley v. Eckerhart*, 461 U.S. 424, 438 (1983). Given the amount of time expended by all attorneys, the level of experience of Bables's lead attorney, who has been practicing for over eleven years, the court has no pause in holding that an award of $1415 is reasonable and that the time expended was necessary to bring this matter to a conclusion. In light of *Hensley*, it would be fatuous for the court to expend any further time on this matter. Also, the court finds expenses of $479 to be reasonable and that they were necessarily incurred in this action. Accordingly, the court will award Bables a total amount of $1,894.*

**III.   Conclusion**

For the reasons set forth herein, the court **grants** Plaintiff's Motion for Default Judgment. As required by Federal Rule of Civil Procedure 58, the court will issue a judgment against Hillcrest and in favor of Bables in the total amount of **$2,894**, which consists of $1,000 as statutory damages and $1,894 as reasonable attorney's fees and court costs. Postjudgment interest will accrue on the judgment at the applicable federal rate of **2.05%** from the date of its entry until it is paid in full.

---

* The court bases this award on its knowledge and experience regarding attorney's fees that it has awarded in similar cases in the Dallas legal community, and the amount sought is actually below what would be awarded in the Dallas legal market.

**It is so ordered** this 14th day of March, 2018.

Sam A. Lindsay
United States District Judge